**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ADRIAN L. DOWNING, #334998 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-14-1583 |
| KATHLEEN GREEN | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Adrian Downing's ("Downing") Petition for Writ of Habeas corpus filed pursuant to 28 U.S.C. § 2241. Downing claims his constitutional rights have been violated because after the Maryland Parole Commission ("MPC") approved his delayed release, it failed to issue an Order of Parole. As relief, he seeks his immediate release. Respondent, by her counsel has filed an Answer. Downing, who is an inmate at Eastern Correctional Institution, was granted an opportunity to reply, but has not done so. (ECF 5). After considering the filings, this Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, the Petition will be DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

Downing claims that on February 28, 2013, MPC approved Downing's delayed release for March 2014. (ECF 1, pp. 2-3). On October 8, 2013, Downing pled guilty to a disciplinary infraction that was reported to MPC. (ECF 1, p. 4). Downing has not filed any petitions in state court raising the issues contained in the instant Petition. (ECF, 4, Ex. 1).

## DISCUSSION

This Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Downing does not refute his claims are unexhausted.  Specifically, he has not shown that he has filed a habeas corpus petition in state court since the approval of his delayed release and his subsequent guilty plea to a disciplinary infraction. Downing has not exhausted his claims in state court and this case will be dismissed without prejudice.

A petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that

2

jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)

(quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  Downing does not demonstrate entitlement

to a COA in this case.

## CONCLUSION

This case will be dismissed without prejudice for lack of exhaustion by separate Order to

follow.  This Court declines to issue a Certificate of Appealability.


<u>February 3, 2015</u>                                      _____/s/_____
Date                                                                     RICHARD D. BENNETT
                                                                            UNITED STATES DISTRICT JUDGE